IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HERBERT HARDIMON,

Plaintiff,

v.

SCF LEWIS AND CLARK FLEETING LLC and AMERICAN RIVER TRANSPORTATION COMPANY, LLC,

Defendants.

Case No. 21-cv-298-RJD

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendant American River Transportation Co., LLC's Motion to Dismiss (Doc. 33), Plaintiff's Motion for Leave to Amend Complaint (Doc. 39), Defendant American River Transportation Co., LLC's Motion for Protective Order Staying Discovery Directed at ARTCO (Doc. 42), and Plaintiff Herbert Hardimon's Motion to Supplement the Record Pursuant to Local Rule 7.1(c) (Doc. 45).

**Background**

Plaintiff Herbert Hardimon filed this action pursuant to 46 U.S.C. § 30104 ("the Jones Act") and the General Maritime Law of the United States alleging he sustained injuries on February 13, 2020 while in the course of his employment with Defendant SCF Lewis and Clark Fleeting LLC ("SCF"). Plaintiff alleges Defendant SCF breached its statutory duties and its warranty of seaworthiness, which proximately caused his injuries. Plaintiff also alleges Defendant SCF breached its duty of adequate maintenance and cure. Plaintiff was granted leave and filed a Second Amended Complaint on October 28, 2021 (*see* Docs. 26 and 27). In his

Second Amended Complaint, Plaintiff names as an additional defendant American River Transportation Company, LLC ("ARTCO"). Plaintiff maintains his allegations against SCF, and further alleges ARTCO's negligence was a proximate cause of his injuries and damages because, he alleges, due to ARTCO's failure to properly moor, monitor, and retrieve certain barges, SCF's crane barge on which Plaintiff worked would not have been at Mile Marker 177 on the Mississippi River on February 13, 2020.

Following the filing of Plaintiff's Second Amended Complaint, Defendant ARTCO filed a Motion to Dismiss that is now before the Court (Doc. 33). ARTCO asserts dismissal under Rule 12(b)(6) is warranted because Plaintiff's Second Amended Complaint does not allege sufficient facts to establish proximate cause to support a claim of negligence against it. ARTCO also asserts it did not owe a duty of care to Plaintiff.

With regard to proximate cause, ARTCO asserts Plaintiff's allegation that the ice on the barge he was boarding to clean around Mile Marker 177 caused him to slip and fall is insufficient to implicate any act by ARTCO. ARTCO asserts there is no allegation that the barge Plaintiff was attempting to board was owned by ARTCO or that the barge breakaways that Plaintiff attributes to ARTCO somehow caused the icy conditions or that ARTCO failed to warn of or remove the ice. Indeed, ARTCO asserts the only act of negligence alleged against it is directed at the moor breakaway, not the ice, and Plaintiff fails to make any connection or allegation that being sent to Mile Marker 177 caused Plaintiff to encounter ice on a barge or that this location was more dangerous or otherwise different from what Plaintiff would have encountered that day. In short, ARTCO asserts the harm alleged by Plaintiff is beyond the scope of risk and foreseeable consequences of a barge breakaway.

With regard to duty, ARTCO asserts that because Plaintiff has failed to allege facts

sufficient to demonstrate that Plaintiff's alleged damages were foreseeable to ARTCO, it did not owe a duty of care to Plaintiff. ARTCO further asserts it cannot be held liable for injuries caused by naturally accumulating snow or ice on the barge.

Plaintiff filed both a response in opposition to ARTCO's motion to dismiss (Doc. 40), as well as a motion for leave to file a third amended complaint (Doc. 39).

In his proposed third amended complaint, Plaintiff alleges that ARTCO was negligent in mooring certain barges that broke loose. Plaintiff alleges it was reasonably foreseeable that a barge breakaway could damage other barges and structures located downstream of the failed moorings, and that unrelated entities would attempt to repair the damage done to their barges as soon as possible, and that the repairs could therefore be performed in inclement or dangerous weather conditions. Plaintiff further alleges ARTCO had actual knowledge that the owner of a barge damaged by a breakaway barge would conduct "emergency response and recovery efforts, removal, salvage, damage surveys, drydocking, temporary repairs" and other measures in response to the damage. Generally, Plaintiff asserts that because it was reasonably foreseeable that in the course of performing repairs employees such as Plaintiff would sustain injuries, ARTCO's negligence was a proximate cause of the injuries he sustained.

On February 9, 2022, Defendant ARTCO filed a motion asking that the undersigned enter an order staying discovery as to ARTCO pending a ruling on the pending motion to dismiss, or, if Plaintiff's Third Amended Complaint is filed, staying discovery as to ARTCO pending a ruling on ARTCO's motion to dismiss the Third Amended Complaint (Doc. 42). Plaintiff responded in opposition to this motion (Doc. 43), and ARTCO replied (Doc. 44).

**Legal Standards**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal if a complaint

fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted). A plaintiff need not set out all relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief. *See* FED. R. CIV. P. 8(a)(2). Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Federal Rule of Civil Procedure 15 governs amendments to pleadings. The Court should freely grant leave to allow a plaintiff to amend the complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[i]t is within the sound discretion of the district court whether to grant or deny a motion to amend." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008).

## Discussion

In response to Plaintiff's motion to amend, ARTCO asserts it does not object to the filing of the same, but asserts the new allegations will require a new motion to dismiss. The Court agrees. Opposition to the filing of the proposed third amended complaint would presumptively be based on futility, and the Seventh Circuit has stated that denying a motion for leave to amend is generally disfavored, especially when the plaintiff has not yet had an opportunity to amend their

complaint. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). Moreover, many courts have found that futility arguments made in opposition to the filing of an amended complaint are often better suited for consideration in the context of a motion to dismiss, especially when there is already a dispositive motion pending. *Chen v. Yellen*, 2021 WL 5005373, at * 3 (N.D. Ill. Oct. 28, 2021) (citing *Complete Merchant Sols., LLC v. Fed. Trade Comm'n*, Case No. 2:19-cv-00963-HCN-DAO, 2020 WL 4192294, at *3 (D. Utah July 21, 2020) (other citations omitted)). Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to Amend the Complaint (Doc. 39) and **FINDS AS MOOT** Defendant ARTCO's Motion to Dismiss (Doc. 33). Plaintiff shall file his Third Amended Complaint by separate docket entry by **April 15, 2022**.

In permitting Plaintiff leave to file his Third Amended Complaint, the Court is not opining on the sufficiency of the claims. Rather, the Court finds judicial economy would be better served by allowing Plaintiff an opportunity to amend and allowing any objections to the complaint to be addressed in a fully briefed motion to dismiss.

Next, the Court considers Defendant ARTCO's request to enter a protective order staying discovery as to ARTCO pending a ruling on a motion to dismiss the Third Amended Complaint, which ARTCO asserts will be forthcoming. In its motion, ARTCO asserts Plaintiff propounded requests for production of documents and interrogatories for response on January 11, 2022. ARTCO asserts that no discovery is necessary until the Court has ruled on the motion to dismiss directed at the Third Amended Complaint because it can resolve the case as to the moving party and will set forth only questions of law.

Plaintiff objects to ARTCO's request, asserting counsel for Plaintiff and ARTCO engaged in a meet-and-confer and Plaintiff agreed that ARTCO need not respond to ten of Plaintiff's twenty-two production requests at this time. Plaintiff also argues that a stay of discovery is not

warranted in this instance as the motion to dismiss does not raise a "dispositive threshold issue," such as standing or qualified immunity.

District courts have broad discretion in controlling discovery. *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336 (N.D. Ill. 2005). Although a party's filing of a motion to dismiss may provide an appropriate circumstance in which to limit discovery, courts must look to the individual case to make such a determination as a motion to dismiss does not, by itself, mandate such a stay. *Duneland Dialysis LLC v. Anthem Ins. Companies, Inc.*, 2010 WL 1418392, at * 2 (N.D. Ind. April 6, 2010). Plaintiff is correct that a stay of discovery is warranted where the motion raises a potentially dispositive threshold issue, such as a challenge to the plaintiff's standing. *See Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996). However, that is not the only circumstance that may warrant such a stay. Indeed, courts have recognized the appropriateness of a stay where the motion to dismiss can resolve the case, or where the requested discovery is unlikely to produce facts necessary to defeat the motion, as is the circumstance here. *See Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993).

The Court finds that because a motion to dismiss may dispose of the instant case against ARTCO, and Plaintiff has failed to show that additional discovery is needed to oppose the motion, or that they will suffer prejudice, ARTCO's Motion for Protective Order Staying Discovery (Doc. 42) is **GRANTED**[1].

Finally, the Court considers Plaintiff's Motion to Supplement the Record Pursuant to Local Rule 7.1(c) (Doc. 45). In this motion, Plaintiff asks that the Court permit him to "supplement the

[1] The Court recognizes that in light of the entry of this Order there is no pending motion to dismiss by ARTCO. However, given the posture of this matter and representation by ARTCO, it is presumed a motion to dismiss will be filed within the required timeframe after Plaintiff files his Third Amended Complaint. If such a motion to dismiss is not timely filed, the Court will revisit this stay and a response to propounded discovery will be required in an expedited manner.

record" with a Coast Guard report dated February 12, 2020 that lists 103 SCF barges involved in the breakaway (presumably the breakaway mentioned in the complaint), damage to barges at three separate SCF/Lewis & Clark fleets, and damage to 20 SCF barges as well as other barges moored in SCF fleets. Plaintiff asserts this report was received by counsel on March 4, 2022 and establishes that, with appropriate discovery, Plaintiff can make a submissible case of negligence against ARTCO. Defendant ARTCO filed an objection (Doc. 46), to which Plaintiff replied (Doc. 47). The Court need only engage in an abbreviated analysis as it appears Plaintiff's motion is moot. Plaintiff did not set forth with any particularity which brief he intended to supplement; however, he invoked Local Rule 7.1(c)[2], which only pertains to motions to remand, dismiss, suppress, for judgment on the pleadings, for summary judgment, and all post-trial motions. The only such motion on file is Defendant ARTCO's motion to dismiss, which, pursuant to this Order, is now moot. For that reason, the related Motion to Supplement filed by Plaintiff is also **MOOT**.

## Conclusion

Based on the foregoing, Defendant American River Transportation Co., LLC's Motion to Dismiss (Doc. 33) is **FOUND AS MOOT**; Plaintiff Herbert Hardimon's Motion for Leave to Amend Complaint (Doc. 39) is **GRANTED**; Defendant American River Transportation Co., LLC's Motion for Protective Order Staying Discovery Directed at ARTCO (Doc. 42) is **GRANTED**; and Plaintiff Herbert Hardimon's Motion to Supplement the Record Pursuant to Local Rule 7.1(c) (Doc. 45) is **MOOT**.

Plaintiff shall file his Third Amended Complaint by separate docket entry by **April 15, 2022**.

[2] Plaintiff's reply brief cites Local Rule 7.1(g) rather than Local Rule 7.1(c). The Court notes the discrepancy, but finds it immaterial to the question before the Court in light of the ruling granting Plaintiff leave to amend, and the finding that the motion to dismiss is moot.

**IT IS SO ORDERED.**

**DATED: April 13, 2022**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**